IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-60640
Summary Calendar

JOE L JOHNSON,

Plaintiff - Appellant,

v.

CITY OF COLUMBUS MISSISSIPPI,

Defendant - Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
1:05-CV-234

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Joe L. Johnson, a 24-year veteran of the Columbus, Mississippi Police Department, brought this case for racial discrimination against the City of Columbus, Mississippi, alleging that the City passed over him for a promotion to the position of Chief of Police because of his race (black). After a jury trial, the district court entered a judgment in favor of the City. Johnson appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Instead of Johnson, the City appointed J.D. Sanders to the position of Chief. Sanders was a white, outside applicant. In deciding who to hire as Chief of Police, the City Council divided along racial lines. The City Council consisted of six members. Three members were white. Three members were black. The three white City Council members voted for Sanders. The three black City Council members voted for Johnson. Because of the 3-3 tie vote, the Mayor, who was white, cast the decisive tie-breaking vote. The Mayor voted for Sanders.

The Mayor testified that, among other reasons, he voted for Sanders based on his interpretation of an external report commissioned by the City, which recommended retaining an outsider for the position of Chief to restore confidence in the police department. Johnson concedes that the Mayor's proffered reasons were legitimate, non-discriminatory reasons for hiring Sanders. Johnson does not argue that the Mayor's tie-breaking vote was racially biased.

Rather, Johnson argues that there was evidence that the vote of at least one white councilman was tainted by a racially discriminatory motive. Because of the City Council's 3-3 tie vote, every vote mattered. Thus, on Johnson's theory of the case, race was a motivating factor in the City's failure to promote him to Chief if even one councilman acted out of a racially discriminatory motive. Johnson tried his case to a jury, which returned a verdict finding that the City of Columbus's failure to promote Johnson to Chief of Police was not motivated by race.

Johnson raises two issues on appeal. First, Johnson argues that the district court erred in refusing to instruct the jury that the City is liable for discrimination by its City Council. Second, Johnson argues that the district court erred in refusing to admit evidence concerning Sanders' performance as Chief of Police, evidence relating to events that occurred after the decision to hire Sanders had already been made.

We first address Johnson's challenge to the jury instructions. We review properly preserved challenges to jury instructions for abuse of discretion. United States v. Finley, 477 F.3d 250, 261 (5th Cir. 2007); United States v. Simkanin, 420 F.3d 397, 410 (5th Cir. 2005). A district court abuses its discretion by refusing to include a particular instruction as part of the charge only if the instruction: "(1) is substantively correct; (2) is not substantially covered in the charge given to the jury; and (3) concerns an important point in the trial so that the failure to give it seriously impairs the defendant's ability to present effectively a particular defense." Simkanin, 420 F.3d at 410.

Johnson argues that the district court abused its discretion by refusing to include the following instruction as part of the charge (still in context):

> Court instructs the jury that the city of Columbus acts through its agents. City councilmen are agents of the city of Columbus and the city of Columbus is responsible for the acts and votes of its city councilmen. If a city councilman voted not to hire plaintiff because of his race and if that racially discriminatory vote was a proximate contributing cause of plaintiff's not being caused [i.e., hired] then the city of Columbus is liable even if there were other causes of plaintiff's not being hired.

The defendant responds that this instruction is substantively incorrect because the individual councilmen were not acting as "agents" of the municipality, for liability purposes, when they cast their votes for Chief of Police. Johnson, in his reply brief, concedes that the term "agency" might be a "technical error." However, he argues that this defect does not undercut the thrust of his objection to the charge: the district court failed adequately to instruct the jury that the City is liable for the official acts of its City Council. Specifically, piecing together Johnson's somewhat disjointed argument, Johnson's primary argument appears to be that the district court's instructions failed to make clear that the racially discriminatory motive of a single councilman could establish that race was a motivating factor in the City's decision.

The district court's charge, specifically Instructions No. 3 and 4,[1] substantially addressed the issues raised by Johnson and adequately instructed the jury on what to do if the jury concluded that some, but not all, of the relevant decision makers were motivated by race. The charge identified that Johnson was challenging the City's decision based on the vote by both the Columbus City Council and the Mayor. The charge further instructed the jury that Johnson need only prove that race was a motivating factor in the City's decision, even if other factors also motivated the City. The charge also instructed the jury on Johnson's theory of the case that race was a motivating factor because the white councilmen would not vote for a black man for the position of Chief. Collectively, these instructions adequately instructed the jury that it could find that race motivated the City's failure to promote Johnson to Chief of Police based on the racially discriminatory votes of individual councilmen. Therefore, after a careful

---

[1] Instruction No. 3 provided in relevant part:

> Plaintiff Joe Johnson claims that the City of Columbus racially discriminated against him because he is African-American when he was not chosen to be the Columbus Police Chief in a November 4, 2003 vote by the Columbus City Council and Mayor. . . .

> To prove unlawful discrimination, Mr. Johnson must prove by a preponderance of the evidence that the City of Columbus did not hire him because of his race. Mr. Johnson does not have to prove that unlawful discrimination was the only reason that the City of Columbus did not hire him. Mr. Johnson need only prove that race was a motivating factor in the defendant's decision, even though other factors may also have motivated the defendant. If you disbelieve the reasons the City of Columbus has given for its decision, you may infer that the defendant did not hire Mr. Johnson because of his race. However, if you find that the City of Columbus would have, more likely than not, made the same employment decision to hire Mr. Johnson, you should find for the defendant.

Instruction No. 4 provided in part that "Plaintiff's theory of the case is that the white councilmen would not vote for a black man for the Police Chief position and that the defendant's stated reasons for hiring Mr. Sanders were a pretext to cover up their racial motives." Instruction No. 4 also reemphasized that "[i]f plaintiff proves that his race was a motivating factor in the City's decision to hire Mr. Sanders, then you must find for the plaintiff. If the plaintiff does not prove that race was a motivating factor in the decision to hire Mr. Sanders, then you must find for the defendant."

review of the record and the instructions given in this case, we conclude that the district court did not abuse its discretion in rejecting Johnson's proffered instruction.

Johnson next argues that the district court erred in excluding evidence of Sanders' performance after Sanders was hired as Chief of Police. The district court concluded that evidence concerning Sanders' performance after the allegedly discriminatory decision had already been made was not relevant. We review the district court's evidentiary rulings for an abuse of discretion. Triple Tee Golf, Inc. v. Nike, Inc., 485 F.3d 253, 265 (5th Cir. 2007). We find no reversible error in the district court's decision to exclude this evidence.

AFFIRMED.